IN THE MATTER OF THE JUDICIAL SETTLEMENT OF THE ACCOUNT OF HYMAN B. ROSA, AS EXECUTOR OF AMELIA CAROLINE GRIFFIN, DECEASED.

*Will, without a residuary clause — direction in a codicil that an additional sum be distributed in conformity with the will.*

In 1845 a testatrix made her will, containing no residuary clause, by which she disposed of certain specific articles of personal property, and gave certain specified sums of money to charitable and religious societies. In 1868 she executed a codicil by which she devised the income of $2,000 to a cousin for life. No disposition was made in the codicil of the principal of this sum of $2,000, except by the words "at her death such principal sum shall be disposed of in conformity with my said will."

*Held*, that these words did not enlarge the gifts made by the will to the charitable and religious societies, and that the next of kin of the testatrix were entitled, on the death of the cousin, to the principal sum of $2,000.

APPEAL by Mary R. Varian and Charles E. Thomson, as administrators of Thomas Thomson, deceased; Walter Van Loan, as administrator of Charlotte S. Thomson, deceased, and Adelia Van Wyck, as executrix of Delia Van Wyck, deceased, from a decree entered in the surrogate's office of Dutchess county on the 6th day of May, 1891, settling the account of Hyman B. Rosa, as executor of Amelia Caroline Griffin, deceased, and directing the distribution of a fund to certain corporations, legatees named in her will, *pro rata*.

*W. Farrington* and *Henry M. Taylor*, for the appellants.

*J. S. Van Clief*, for the Board of Foreign and Domestic Missions of the Reformed Dutch Church, respondent.

*C. E. Tracy*, for the American Bible Society, respondent.

BARNARD, P. J.:

There is nothing in the will and codicil which deprives the next of kin of their right to distribution. The deceased in the year 1845 made her will. By it she gave $2,000 to the American Bible Society; $300 to the Domestic Mission of the Dutch Church, and $300 to the Foreign Mission of the same church. She gave $300 to the American Tract Society, and a deposit in a New York savings bank to a society for the relief of aged, indigent females. There

was a specific bequest of books to one person, and of specific articles of personal property to others. There was no residuary clause and the will contained this clause:

" In thus willing my property I wish it to be understood, that I dispose of it for religious and benevolent purposes, not as undervaluing my own relatives, for whom I entertain the kindest feelings, but having received my property of the Lord I feel it my duty to devote to the Lord, that which if divided among my numerous relatives would be to each an inconsiderable sum."

In 1868 the deceased made a codicil. By it she gave to a cousin $600, and the income on $2,000 for the life of the cousin, and " at her death such principal sum shall be disposed of in conformity with my said will."

The testatrix died in 1881. No savings bank deposit was ever found. The $2,000 was undisposed of by the will. There is no gift to the charitable societies beyond that specified in the will. There is nothing in the words expressing a motive for the will which enlarged the gifts to the societies named in the will. An intention to give to charity is not enough. There must be a beneficiary named or the intent of the testatrix fails.

The decree of the surrogate should be reversed, and the proceedings remitted, to the end that distribution may be made to the next of kin, with costs to appellants out of the estate.

PRATT, J., concurred.

Part of decree appealed from reversed, with costs to appellants out of estate and proceedings remitted.